UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO NEGRETE BRAVO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 5:26-cv-06362-JFW-JDE<br><br>ORDER DENYING PETITION |

**I.**

**INTRODUCTION**

On October 27, 2026, Humberto Negrete Bravo ("Petitioner"), ostensibly through the Office of the Federal Public Defender, which had not been appointed to represent Petitioner in this action, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities, seeking immediate release (Dkt. 1, "Petition" or "Pet.") with supporting materials (Dkt. 1-1 to 1-10). As Petitioner notes (Pet. ¶¶ 47, 49), Petitioner has filed two prior habeas petitions challenging his detention. See Negrete Bravo v. Sec. of Homeland Security, 5:26-cv-01760-JFW-JDE (C.D. Cal.) ("First Prior Action"); Negrete Bravo v. Mullin, 5:26-cv-03972-JFW-JDE (C.D. Cal.) ("Second Prior Action").

In the First Prior Action, the Court ordered Respondents to provide Petitioner a bond hearing within seven days before an immigration judge under 8 U.S.C. § 1226(a). See First Prior Action, Dkt. 25. In the Second Prior Action, the Court denied the Petition in its entirety, dismissing claims challenging Petitioner's initial detention (Claims I, II, and III) with prejudice, and dismissing claims challenging the bond hearing that Petitioner was provided in response to the First Prior Action (Claims IV, V, and IV) without prejudice for failure to exhaust administrative remedies. See Second Prior Action, Dkt. 18 (Report and Recommendation); Dkt. 24 (Order Accepting Report and Recommendation); Dkt. 25 (Judgment).

In the instant Petition, Petitioner: (1) again challenges his initial detention (Pet. ¶¶ 59-65); and (2) challenges a second bond hearing he received on July 24, 2026 ("Second Bond Hearing"), this one proceeding under Rodriguez v. Holder, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), aff'd in part, rev'd in part Rodriguez v. Robbins, 804 F.3d 1060, 1089 (9th Cir. 2015), rev'd sub nom. Jennings v. Rodriguez, 583 U.S. 281 (2018), under which Respondents bore the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a risk of flight such that detention is warranted (Pet. ¶¶ 50, 66-124). Petitioner seeks immediate release and an order barring his re-detention without a hearing at which the government would bear the burden of proof by clear and convincing evidence that detention is justified, among other relief. Id. at 43-44.

The Court finds the Petition may properly be decided without further briefing or argument and, for the reasons set forth below, denies the Petition with prejudice, again, as to Petitioner's challenge to his initial detention and without prejudice as to his challenge to the Second Bond Hearing.

## II.

## BACKGROUND

The Court sets forth the following facts and findings from the Report and Recommendation issued by the assigned magistrate judge (Dkt. 12), which the Court accepted (Dkt. 18), in the Second Prior Action.

> Petitioner is a native and citizen of Mexico. Pet., Exh. 2 (Exh. D, Form I-213). He entered the United States in 2001 without inspection. Id. ¶ 25, Exh. 2. On December 23, 2025, immigration officers conducting a targeted enforcement operation to arrest another individual observed Petitioner, who matched the physical description of the subject individual, near the vicinity of the last known address for the subject. When officers identified themselves and attempted to initiate a stop, Petitioner ran into a local business. Officers followed him, gave multiple verbal commands to stop resisting and to place his hands behind his back, but Petitioner refused to comply, actively resisting officers' efforts to place him under arrest. He was arrested, charged with assaulting a federal officer in violation of 18 U.S.C. § 111, and criminal proceedings were initiated. Pet. ¶ 28, Exh. 2 (Exh. D, Form I-213); United States v. Negrete-Bravo, Case No. 5:25-mj-00786 (C.D. Cal.) ("Criminal Case"), Dkt. 1.[1] The same day, a U.S. Magistrate Judge approved a criminal Complaint against Petitioner, finding probable cause existed for the criminal charge. In support of the Complaint, a Homeland Security Investigations special agent attested that Petitioner actively resisted arrest, bit one officer on the hand and attempted to bite that officer on the chest, bit another officer on the arm, and kicked one of the officers in the

[1] The undersigned takes judicial notice of these criminal proceedings and information obtained from the docket in that case, although not for the truth of any allegation. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018).

groin region and punched him in the jaw. Criminal Case, Dkt. 1. An initial appearance was held the following day, on December 24, 2025, at which the Honorable Alicia G. Rosenberg, U.S. Magistrate Judge, ordered Petitioner detained, finding Petitioner was a flight risk and danger the community and no conditions or combination of conditions could reasonably assure Petitioner's appearance and/or the safety of any person or the community. Id., Dkt. 5, 10. Prior to the preliminary hearing and hearing on an application for bail review or reconsideration, on January 5, 2026, the government filed a motion to dismiss the complaint without prejudice, which was granted the following day. Dkt. 11, 13.

On January 7, 2026, the United States Marshals Service released Petitioner to Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations. Pet., Exh. 2 (Exh. D, Form I-213). Petitioner was served with a Notice to Appear on January 9, 2026 charging him with inadmissibility under Immigration and Nationality Act § 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Id., Exh. 2 (Exh. C, Notice to Appear).

Petitioner filed the Prior Action on April 9, 2026, alleging his initial arrest violated 8 U.S.C. § 1357(a)(2), the Fourth and Fifth Amendments, and the APA; and his mandatory detention without a bond hearing pursuant to § 1225(b)(2) violated the Fifth Amendment and APA. Prior Action, Dkt. 1. Respondents acknowledged that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No.

5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Id., Dkt. 12. The Petition in the Prior Action was granted, in part, with Respondents ordered to provide Petitioner an individualized bond hearing before an IJ under 8 U.S.C. § 1226(a). Id., Dkt. 24-25.

Petitioner received a bond hearing on June 2, 2026. The IJ provided a lengthy and reasoned decision in accordance with the Court's order. The IJ denied bond, finding that Petitioner was a flight risk. Pet., Exh. 1. The IJ's order summarized the reasons for finding Petitioner was a flight risk: Petitioner "violated this country's immigration laws by entering the United States without inspection"; he "has made no claim to lawful status in this country, either now or in the past"; he "violated the laws of the United States by working without authorization for almost 19 years"; he "failed to file evidence of an address in which he would reside if he were to be released from custody"; he "has limited avenues to lawfully remain in the United States" and "did not submit sufficient evidence regarding hardship to help the Court understand his likelihood of prevailing" on his cancellation of removal request; he "attempted to evade immigration officials when they initially approached him, and he ran into a local business"; he "was non-compliant with immigration officers when they attempted to arrest him," failing to comply with multiple verbal commands and actively physically resisting officers' efforts to place him under arrest; there was evidence in the record to show that Petitioner attempted to bite one of the immigration officers; and Petitioner failed to submit any evidence to contest or rebut the allegations of his arrest. Id. The IJ also considered relevant factors

that mitigated Petitioner's flight risk, including that he had been in the United States for almost 25 years, has four U.S. citizen children, filed taxes from 2007-2025, and has a sponsor, but found those positive factors were insufficient to mitigate Petitioner's "high risk of flight." Petitioner reserved the right to appeal the IJ's decision. Id.

Petitioner filed the instant Petition on July 16, 2026. He raises six claims: (1) a procedural due process claim alleging he was deprived of a pre-detention hearing and alternatively, denied a bond hearing; (2) a substantive due process claim alleging he is neither a flight risk nor danger to the community; (3) a violation of 8 U.S.C. § 1226(a) when he was arrested without a warrant and detained without any individualized assessment; (4) a due process claim based on the denial of bond; (5) a violation of Accardi based on the denial of bond; and (6) a violation of the APA based on the denial of bond.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

**A. Challenges to Initial Arrest**

As noted, Petitioner previously challenged his initial arrest and detention without a bond hearing. Petitioner was provided a bond hearing consistent with Bautista. He claims that relief was insufficient to cure his pre-detention deprivation and lack of a bond hearing after he was detained, and release is the only appropriate remedy. See Pet. ¶¶ 5, 42-59.

These claims fail for multiple reasons. First, as the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). Petitioner had a bond hearing, at which he was found to be a flight risk. The present detention is therefore based on his ongoing removal proceedings and the IJ's custody determination, rather than solely on the circumstances of his initial arrest. Id.

Further, Petitioner has not shown a procedural due process violation or violation of Section 1226(a) based on his arrest and detention. First, he has not shown that his arrest on December 23, 2025 was unlawful. He allegedly bit two federal officers in the exercise of their official duties. Officers present were authorized to arrest him without a warrant. See 40 U.S.C. § 1315(b)(2) (authorizing officers of the Department of Homeland Security to make "arrests without a warrant for any offense against the United States committed in the presence of the officer or agent"). As to his detention, the same day as his arrest, a U.S. Magistrate Judge approved a Complaint, finding probable cause for the charge. Criminal Case, Dkt. 1. Petitioner's initial appearance was held the next day, counsel was appointed to represent him, and he was ordered detained upon a finding that he was both a flight risk and danger to the community following a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142, et seq. He had the ability to, and did, seek review of the detention order, with a hearing set for such review. The Criminal Case was dismissed before that further hearing.

Immediately after the Criminal Case was dismissed, Petitioner was transferred to ICE custody. Even assuming, without deciding, some protected liberty interest existed between the time the Criminal Case was dismissed and the time the United States Marshal Service transferred Petitioner to ICE custody, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that the post-detention process here was inadequate to safeguard that liberty interest.

Petitioner claims he was subjected to "a total lack of individualized assessment of whether his detention is justified until a court order approximately six months after his unlawful arrest and detention." Pet. ¶ 42. However, as noted, Petitioner received a prompt bond hearing on the criminal charge before a federal judge on December 24, 2025, at which he was represented counsel and found to be a flight risk and danger for which no conditions or combination of conditions would reasonably assure his appearance and/or the safety of any person or the community. Although the statutory procedures for criminal and immigration detention differ, at Petitioner's criminal detention hearing, the government first had to show that there was a "serious risk" that Petitioner would flee, and then bore the burden as to flight by a preponderance of the evidence and as to danger by clear and convincing evidence. See 18 U.S.C. § 3142(f)(2). Petitioner was transferred to ICE shortly after that determination. He then waited three months before challenging the constitutionality of his immigration detention. Petitioner received a bond hearing on June 2, 2026 where he had the opportunity to challenge his detention and was again found to be a flight risk. He was represented by counsel, provided the opportunity to submit evidence, and had the opportunity to appeal the outcome of the bond decision to the Board of Immigration Appeals ("BIA").

Given that Petitioner had been found to be a flight risk and a danger by a federal judge roughly two weeks before being transferred directly to ICE custody, and was thereafter again found to be a flight risk, continued detention serves the government's interest in ensuring Petitioner's appearance at future proceedings.

The undersigned finds that the process Petitioner received post-deprivation was sufficient to protect his liberty interest. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that his initial arrest or detention renders his present detention unlawful or that release is the appropriate remedy.

**B. Substantive Due Process Claim**

Petitioner next contends that he is being detained in violation of the Due Process Clause because he does not pose a danger to the community and he is not a flight risk such that detention is justified. Pet. ¶ 62. This ignores that he has repeatedly been found to be a flight risk, both by a federal magistrate judge, albeit in a different procedural situation, involving a criminal charge, and IJ. Thus, his contention that "the government has no legitimate interest in detaining [him] because he is neither a flight risk nor danger" (id. ¶ 6) is belied by the record. Petitioner is not entitled to habeas relief on this claim.

**C. Challenges to Bond Decision**

Finally, Petitioner challenges the IJ's bond decision. Pet., Exh. 1. Petitioner reserved appeal, but it appears he did not ultimately file an appeal. See Executive Office for Immigration Review ("EOIR"), Automated Case Information at www.justice.gov/eoir/eoir-case-information. Petitioner has not exhausted his administrative remedies.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370

F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved appeal, but does not contend he filed an appeal. Petitioner should have waited to file this petition until after appealing to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, most of Petitioner challenges to the IJ's decision could be resolved on appeal, including his challenges to the consideration of evidence. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal. The BIA is best equipped to address these claims, and BIA review would help generate the BIA's own order

evaluating the IJ's consideration of the evidence. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived in his case. The undersigned finds Petitioner's arguments that exhaustion would be futile based on prior BIA appeals and news reports (Pet. ¶¶ 22-23, 97) unpersuasive, as Petitioner has not demonstrated any specific policy or BIA ruling that would render appeal in his particular case futile. Additionally, despite Petitioner's claims that the EOIR has abandoned neutrality, denying him a neutral arbiter (see, e.g., id. ¶¶ 8, 85-86, 91, 98), the record here reflects the IJ issued a reasoned decision, specific to Petitioner, citing numerous reasons for his decision, including Petitioner's "attempt to evade apprehension, failure to comply with verbal orders, and active resistance to being arrested," finding such evidence "substantially increases his risk of flight and makes it less likely that he will comply with the terms of his release and appear at all future immigration court hearings." Id., Exh. 1.

Petitioner also has not shown he will suffer irreparable injury by waiting for a BIA decision. Pet. ¶ 24. This is an issue shared by all noncitizens in custody seeking review of their bond decisions. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion,

then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to his bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

Second Prior Action, Dkt. 12.

As noted, in the instant Petition, Petitioner again challenges his initial detention. The abuse of the writ doctrine "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." Eldridge v. Howard, 70 F.4th 543, 551 (9th Cir. 2023) (citation omitted). A successive petition raising identical grounds for relief must be dismissed unless the petitioner shows cause and prejudice or a fundamental miscarriage of justice. Id. Looking to the substance of the claim, the question is whether the petitioner "had a full and fair opportunity to raise the claim in the prior application." Id. at 552 (citation omitted). Petitioner has had such an opportunity. Count One challenges Petitioner's initial detention, claiming that "[b]ecause Respondents did not satisfy the requirements for detention under § 1226(a)" by obtaining a warrant and making an initial custody determination as they "treated and continue to treat him as an individual detained under § 1225" "that statute cannot authorize Petitioner's detention." Pet. ¶¶ 4, 63-64. Every fact on which his theory rests was known when Petitioner filed his

Second Prior Action. Indeed, Petitioner expressly alleged in the Second Prior Action that "Respondents violated the INA when they arrested Petitioner without a warrant and detained him without any individualized assessment, in violation of 8 U.S.C. § 1226(a)." Second Prior Action, Dkt. 1 ¶ 64. The substance of the claim remains the same as in his prior actions and has been resolved. Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice. As such, Count One is barred.

The other challenge contained in the instant Petition relates to Petitioner's Second Bond Hearing, which was not raised in any prior petition. However, the Court finds that prudential exhaustion applies to that challenge, with Petitioner failing to meet his burden to show the exhaustion requirement should be waived here for the same reasons set forth above. Petitioner's additional arguments seeking either a finding that exhaustion does not apply or that it should be waived raised in the Petition do not convince the Court.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition with prejudice as to Count I and without prejudice as to Count II.

Dated: October 29, 2026

JOHN F. WALTER
United States District Judge